IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

JENNIFER SAMPSON                                                    PLAINTIFF
3600 Ethelwood Drive
Jeffersontown, Kentucky 40299

                                                    Case No. 3:21-cv-315-DJH
v.
                                                    Judge David J. Hale

EQUIFAX INFORMATION SERVICES, LLC                                   DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:    CSC-Lawyers Incorporating Service Co.
                  421 W. Main Street
                  Frankfort, Kentucky 40601
                  (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

**VERIFIED COMPLAINT**

Comes the Plaintiff, Jennifer Sampson, by counsel, and for her Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax") states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendant's failure to investigate Plaintiff's credit reporting dispute; The United States' Department of Veterans' Affairs' ("US Dept. Vets") false reporting to Equifax of an alleged late status on Plaintiff's zero-balance transferred student loan account; and Defendant's failure to correct false reporting on Plaintiff's credit reports.

## II. PARTIES

2. Plaintiff, Jennifer Sampson, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky, residing at 3600 Ethelwood Drive, Jeffersontown, Kentucky 40299.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky, with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendant doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

10. In or around September 2020, Plaintiff accessed her Equifax credit report and discovered that the US Dept. Vets was reporting a default history on Plaintiff's zero-balance transferred student loan accounts.

11. Prior to September 2020, and upon information and belief, the United States Department of Education assigned or otherwise transferred the student loan accounts to the US Dept. Vets.

12. Immediately upon discovering the false and derogatory tradeline, which showed Plaintiff's student loan account with a default history, Plaintiff filed a written dispute with Equifax regarding the inaccuracy of the tradeline given the prohibition of derogatory payment history reporting of transferred loans as set forth in 20 U.S.C. §1078-6(c) and 34 C.F.R. §682.4053b)(2).

13. Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FRCA, in October 2020, Equifax failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report or to amend Plaintiff's credit report.

14. Equifax's failure to investigate Plaintiff's dispute, and their failure to maintain the accuracy of Plaintiff's credit history, has damaged Plaintiff, in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendant's failure to properly investigate Plaintiff's dispute. In addition, Defendant's violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Equifax

15. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 14, as if fully set forth herein.

16. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline, despite knowledge of the falsity of the disputed items, are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

17. Equifax's failure to evaluate or consider any of Plaintiff's information, claims, or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

18. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

19. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline, despite Equifax's knowledge of the falsity of the disputed items, are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Equifax's duties regarding investigation

of disputed items under 15 U.S.C. §1681i.

21. Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

22. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Jennifer Sampson, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/Emily H. Funk
Emily H. Funk
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
EmilyFunk.hlolaw@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Jennifer Sampson, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information, and belief.

_____
Jennifer Sampson

COMMONWEALTH OF KENTUCKY )
                                                   ) SS
COUNTY OF JEFFERSON           )

Subscribed, sworn to, and acknowledged before me by Jennifer Sampson this 10 day of May, 2021.

_____
Notary Public

Commission expires: October 20, 2021